JS - 6

LINK: 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1590 GAF (PJWx) | Date | May 18, 2010 |
|---|---|---|---|
| Title | David Hayrapetyan v. American International Group, Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**       **(In Chambers)**

<u>**ORDER RE: REMAND**</u>

**I.
INTRODUCTION & BACKGROUND**

   Plaintiff David Hayrapetyan ("Plaintiff") filed this putative class action against American International Group, Inc. ("AIG"), Granite State Insurance Company ("Granite"), and 21st Century Insurance Company ("21st Century") (collectively "Defendants") for failure to pay car insurance benefits. Plaintiff specifically alleges that "defendants uniformly fail to provide any payments under their automobile insurance policies" for the loss of gasoline remaining in the vehicle after the automobile "suffers a total loss." (Complaint ¶ 1.) Plaintiff seeks to represent a class which includes: "All California individuals or entities who had comprehensive or collision property damage coverage under automobile policies issued by defendants, or any of their affiliates, and whose automobiles suffered a total loss." (<u>Id.</u> ¶ 3.)

   Plaintiff filed his initial complaint in Los Angeles County Superior Court on January 27, 2010, and Defendants removed the action to this Court. (Docket No. 1.) Plaintiff now moves to remand and contends that "defendants have not met their burden of proving the amount in controversy meets the jurisdictional minimum by a preponderance of the evidence." (Mem. at 2.) Because the Court agrees with Plaintiff, the motion to remand is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1590 GAF (PJWx) | Date | May 18, 2010 |
|---|---|---|---|
| Title | David Hayrapetyan v. American International Group, Inc et al | | |

**II.
DISCUSSION**

**A. LEGAL STANDARD**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As amended by CAFA, 28 U.S.C. § 1332(d) vests district courts with "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Under CAFA, the burden of establishing removal jurisdiction rests with the party seeking removal. Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007) (citations omitted).

Ninth Circuit law identifies three different burdens of proof which may be placed on a removing defendant under varying circumstances. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). Where the plaintiff fails to plead a specific amount of damages, as in the case at bar (Not. Removal ¶ 24.), "the defendant seeking removal 'must prove by a preponderance of the evidence that the amount in controversy requirement has been met." Id. (citing Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the jurisdictional amount]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (citation omitted).[1] The court may consider facts presented in the removal petition as well as any "summary-judgment type evidence relevant to the amount in controversy at the time of removal." Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997) (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335-36 (5th Cir. 1995)).

---

[1] The Ninth Circuit has "applied the preponderance holding in Sanchez to complaints filed under [CAFA] that do not specify a particular amount in controversy." Guglielmino, 506 F.3d at 699 (citing Abrego Abrego, 443 F.3d at 683).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1590 GAF (PJWx) | Date | May 18, 2010 |
|---|---|---|---|
| Title | David Hayrapetyan v. American International Group, Inc et al | | |

**B. APPLICATION**

   **1. COMPENSATORY DAMAGES**

From 2006 to the present, Granite and 21st Century paid approximately 71,399 automobile total loss claims to personal automobile insurance policyholders in California with Collision or Comprehensive coverage.[2] (Weinstein Decl. ¶ 7.) In the removal petition, Defendants argue that, "assuming that the average vehicle holds 16 gallons of gas and had half a tank of gas at the time of total loss, each claim would average $24 (8 gallons x $3/gallon)." (Not. Removal ¶ 27.) Thus, according to Defendants, compensatory damages for gasoline loss alone would equal approximately $1,704,000 ($24 x 71,000 claims). (Id.)

While Plaintiff contends that these calculations are "mere speculation based on unknown and unsupported factual assertions,"(Mem. at 4.), Defendants indicate that their estimates were "reasonable, and in fact, conservative." (Opp. at 3.) Defendants submit the following evidence to support their calculations:

- With regard to the $3 price for a gallon of gasoline, Defendants submit information from the California Energy Commission indicating that "the average price of unleaded gasoline in California for the January 1, 2006 to April 19, 2010 time period is $3.12 per gallon." (Id.; Weinstein Decl. ¶¶ 2, 3, Ex. 1.)[3]

- With respect to the 16-gallon per vehicle estimate, Defendants examined the fuel tank capacity of the top ten selling vehicles in 2006 according to Forbes.com and determined that the average tank capacity was 19 gallons. (Weinstein Decl. ¶¶ 4, 5.)[4] They argue

---

[2] Although the total number of paid claims may include policyholders who were paid for multiple total loss claims, the majority of potential class members were paid for only a single total loss claim. (Not. Removal ¶ 11.)

[3] "Based on Exhibit 1, the average price of a gallon of gasoline based on grade for January 2, 2006 to April 19, 2010 period is as follows: Regular = $3.01; Midgrade = $3.12; and Premium = $3.22." (Weinstein Decl. ¶ 3.)

[4] "The fuel tank capacity of these ten best selling vehicles in 2006 is as follows: (1) Ford F-Series Pickup = 26 gallons; (2) 2006 Chevrolet Silverado 1500 = 26 gallons; (3) Toyota Camry = 18.5 gallons; (4) Toyota Corolla = 13.2 gallons; Honda Accord = 17.1 gallons; Dodge Ram = 26 gallons; Honda Civic = 13.2 gallons; Chevrolet Impala = 17 gallons; Chevrolet Cobalt = 13 gallons; Nissan Altima = 20 gallons." (Weinstein Decl. ¶ 5.)

Case 2:10-cv-01590-GAF-PJW   Document 13   Filed 05/18/10   Page 4 of 7   Page ID #:186

JS - 6

LINK: 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1590 GAF (PJWx) | Date | May 18, 2010 |
|---|---|---|---|
| Title | David Hayrapetyan v. American International Group, Inc et al | | |

that these passenger vehicles "represent a fair cross-section of vehicles that would be in the claims at issue in this action." (Opp. at 4.)

Based on these adjusted estimates, the average amount in controversy for each putative class would be $29.64 [$3.12 x 9.5 gallons (half a tank of gasoline at the time of loss)]. The amount in controversy for all class members involved in Plaintiff's "lost gasoline" claim would then equal $2,114,497.96.

While Defendants submit the average price of gasoline for three grades of gasoline, no expert opinion or attorney declaration attests to the fact that $3.12 is indeed the average price of gasoline over the relevant period. Defendants have failed to offer evidence to show that the California Energy Commission's survey, which is based on a sample of only "38 California gasoline stations," is reliable or accurate. (Weinstein Decl., Ex. 1.) Without corroborating evidence supporting the reliability of these statistics, the Court cannot give them great weight in evaluating the present motion. Furthermore, Defendant has provided no evidence to support an inference that the top ten best sellers in the United States per the Forbes.com website are likewise the ten top sellers in California, or that the top ten sellers are disproportionately represented in accident data. Indeed, in the Court's view, Defendants have failed to relate the data provided to the members of the potential class.

The most troubling aspect of this motion is that Defendants likely have, and maintain, all of the evidence necessary to meet their burden – the make, model and age of the 71, 399 cars at issue in this case –  but have not presented any of this information to the Court. With such documentation, for example, they could have easily obtained an accurate picture of the average size of the gasoline tank in the totaled-car universe. Defendants' failure to do so is telling, and undercuts their position.

2.  **ADDITIONAL DAMAGES**

Defendants contend that Plaintiff's alleged damages are not limited to "lost gasoline." In the complaint, Plaintiff alleges that Defendants have "fail[ed] to compensate their insureds for <u>all items of damage</u> when their insureds suffer a total loss to their automobiles, <u>including but not limited to</u>, the gasoline in the cars." (Complaint ¶ 20 (emphasis added).) Defendants argue that it is "reasonable, and indeed conservative, to estimate that Plaintiff's claims for Defendants' alleged failure to compensate the putative class for all other ***valuable property*** and ***all items of damage*** is [sic] at least equal to his 'lost gasoline' claim for the putative class (i.e. an additional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1590 GAF (PJWx) | Date | May 18, 2010 |
|---|---|---|---|
| Title | David Hayrapetyan v. American International Group, Inc et al | | |

$29.64 for each putative class member)."[5]  (Opp. at 5.)

However, as already noted, the computation is based on an unreliable figure and Defendants' "reasonable" and "conservative" estimation is <u>not</u> evidence.  Defendants have neither demonstrated what constitutes "valuable property" or "items of damage" nor presented evidence regarding the putative value of such property.  The assumption that the damages equal Plaintiff's "lost gasoline" damages is wholly speculative.  Defendants have not even attempted to carry their evidentiary burden on this point.

### 3. PUNITIVE DAMAGES

"It is well established that punitive damages are part of the amount in controversy in a civil action."  <u>Gibson v. Chrysler Corp.</u>, 261 F.3d 927, 945 (9th Cir. 2001) (citations omitted).  In this case, it can hardly be disputed that Plaintiff seeks punitive damages.  (Complaint at 14 [Prayer for Relief ¶ 4].)  Thus, the question before the Court is the appropriate amount of punitive damages that may properly be included in the amount in controversy.

The Court notes that Defendants' "burden cannot be met simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large sum of money . . . ."  <u>Conrad Assocs. v. Hartford Accident & Indem. Co.</u>, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998).  "To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts."  <u>Simmons v. PCR Tech.</u>, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).

In the removal petition, Defendants contend that given the amount of compensatory damages per putative class member, Plaintiff will "undoubtedly" seek punitive damages at a ratio of at least 2:1.  (Not. Removal ¶ 27.)  However, the cases Defendants cite supporting their contention do not support application of such a ratio in California litigation.

In <u>Frederico v. Home Depot</u>, the plaintiff sought $287.14 in compensatory damages.  507 F.3d 188, 198 (3d Cir. 2007).  A New Jersey statute allowed the plaintiff to collect punitive damages of up to five times the compensatory damages award, and the Third Circuit considered the 5:1 ratio in computing the amount in controversy.  <u>Id.</u> at 199.  However, the facts in

---

[5] In their removal notice, Defendants claim that additional damages should equal "a conservative $50 per claim."  (Not. Removal ¶ 28.)  Defendants do not provide any evidentiary support in the removal for this assertion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1590 GAF (PJWx) | Date | May 18, 2010 |
|---|---|---|---|
| Title | David Hayrapetyan v. American International Group, Inc et al | | |

Frederico have no application to the present case. In that case, the plaintiff sought to represent a class consisting of customers who rented a vehicle from Home Depot and were unable to return the vehicle to Home Depot after hours and were consequently charged late fees in violation of New Jersey law. Id. at 192. Not only is the Court skeptical that the facts, which did not involve insurance coverage, are analogous to the case at bar, but Defendants have failed to show why the 5:1 ratio would be similarly applicable here.

The California cases provided by Defendants similarly provide no support for a 2:1 punitive damages ratio. In two of the four cases cited, the jury awarded compensatory damages and punitive damages at substantially a 1:1 ratio. McCoy v. Progressive W. Ins. Co., 2007 WL 2068578 (Cal. Superior May 29, 2007) (jury awarded plaintiff $ 80,175 in compensatory damages; and $100,000 in punitive damages for Defendant's failure to cover plaintiff's loss under a comprehensive automobile policy); Faraldo v. Progressive W. Ins. Co., 2003 WL 23212002 (Cal. Superior Oct. 1, 2003) (plaintiff was awarded $10,000 in compensatory damages and $10,000 in punitive damages for the defendant's wrongful conduct). Furthermore, Defendant's citation to Espinzoa v. Infinity Ins. Co., 2004 WL 840659 (Cal. Superior Jan. 14, 2004) is inapplicable. In that case, the plaintiff was awarded $24,000 in contract damages, but before proceeding to the punitive damages phase of the trial, the case was settled for $240,000. Id. Therefore, neither the Epinoza trial court nor the jury specifically determined the amount of punitive damages.

Finally, in Pestano v. Mid-Century Ins. Co., 1996 WL 402741, (Cal. Superior April 2, 1996), the plaintiff alleged that defendant delayed payment of uninsured motorist benefits to compel plaintiff to take less than the full value in settlement of his claim. The jury awarded $75,000 in economic and non-economic damages, and $1,000,000 in punitive damages. Id. Here, Defendants have not effectively analogized the present case to Pestano. In fact, other than mentioning the result of that case, Defendants offer no comparison of Pestano to the facts of this case. The Court is not persuaded that such a large punitive damages would be awarded, given the facts of this case and the increasing trend toward the downward adjustment of punitive damages to comport with due process.

In sum, the Court concludes Defendants have failed to articulate particular facts or provide convincing evidence that a punitive damages award at a 2:1 ratio to compensatory damages would be appropriate in this case. Indeed, Defendants have made no evidentiary showing that punitive damages, if any, will be recoverable in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1590 GAF (PJWx) | Date | May 18, 2010 |
|---|---|---|---|
| Title | David Hayrapetyan v. American International Group, Inc et al | | |

**4. ATTORNEYS' FEES**

"In ordinary diversity cases, 'when there is no direct legal authority for an attorney's fee, a request for a fee cannot be included in . . . the jurisdictional amount,' but 'where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.'" Lowdermilk, 479 F.3d at 1000 (citing Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998)).  The Ninth Circuit has held that attorneys' fees may be properly included in the amount in controversy in a class action. Id. (citing Gibson, 261 F.3d at 942-43)).

In California, a court may award attorneys' fees in any action which has resulted in the enforcement of an important right affecting the public interest if "a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons."  CAL. CIV. PROC. CODE § 1021.5.  Indeed, "[i]t is well settled that attorney fees under section 1021.5 may be awarded for consumer class action suits benefiting a large number of people." Graham v. DiamlerChrysler Corp., 101 P.3d 140, 156 (Cal. 2004) (citation omitted).

While the parties agree that attorneys' fees are properly included in the amount in controversy, Defendants' fail to provide evidence showing what a reasonable attorney's fee award might be in this case.

**IV.
CONCLUSION**

Defendants have failed to show, by a preponderance of the evidence, that the amount in controversy exceeds $5,000,000.  Therefore, the Court lacks subject matter jurisdiction to hear this case.  28 U.S.C. § 1332(d).  Plaintiff's motion is **GRANTED**, and the matter is hereby **REMANDED** to Los Angeles County Superior Court.

The hearing scheduled for Monday, May 24, 2010 is hereby **VACATED**.

**IT IS SO ORDERED.**